UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILSON KASSAB, a Michigan
citizen,

       Plaintiff,

                                        Civil No. 07-10657
                                        Hon. John Feikens

       v.

SPYROS ENOTIADES, a Texas
citizen,

       Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT**

This is a breach of contract claim brought under this Court's diversity jurisdiction. See

28 U.S.C. § 1332. Plaintiff has followed up his Complaint with a Motion for Summary

Judgment. The Court has determined that a hearing would not aid significantly in the disposition

of this motion and elects to proceed without one. See E.D. Mich. L.R. 7.1(e)(2). For the reasons

stated below, the Court GRANTS Plaintiff's motion.

The certificate of service for Plaintiff's motion indicates that it was electronically filed

with the Court and served on September 26, 2007. There has been no response from Defendant.

Local Rule 7.1(b) for the Eastern District of Michigan requires a "respondent opposing a motion

must file a response, including a brief and supporting documents then available." See E.D.

7.1(b). Local Rule 7.1(d)(2)(B) requires that responses to dispositive motions are due within 21

days of service of the motion. The court grants an additional three days for service. E.D. Mich.

L.R. 7.1(d)(1)(B).  As such, Plaintiff's response was due October 22, 2007, see E.D. Mich. L.R. 6.1; 7.1(d)(1).  Since no response was filed in the time allotted for it, Plaintiff's motion is unopposed.

The Court having carefully reviewed Plaintiff's motion, exhibits, and the applicable law determines that for the reasons mentioned in the motion and its accompanying brief, the Court will GRANT summary judgment.

The uncontested facts are rather straightforward.  The parties executed a promissory note in which Defendant agreed to pay Plaintiff, $229,139.14.  The money has not been repaid.  It was signed by both parties and witnessed.  The note stemmed from an earlier agreement in which Plaintiff loaned Defendant money to set up an import/export business.

Summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A fact is material if proof of that fact would establish or refute one of the essential elements of a claim or defense and would affect the application of governing law to the rights and obligations of the parties.  Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984).  The court must view the evidence and any inferences drawn therefrom in a light most favorable to the nonmovant.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  For a claim to survive summary judgment, the nonmovant must offer more than a mere scintilla of evidence as to the material facts.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  The movant's burden is satisfied where there is an absence of evidence to support the nonmovant's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

After carefully reviewing the facts in this case, it is clear that the contract is unambiguous

and supported by consideration.  Despite Defendant's promise to pay the promissory note, the

uncontested facts show he breached the terms of the note.  Accordingly, this Court GRANTS

Plaintiff's Motion for Summary Judgment.  As such, Plaintiff is entitled to the amount contested

in this matter, as well as interest under MCL § 600.6013(8) in the amount of $9,481.44 and costs

in the amount of $350.00, see Fed. R. Civ. P. 54(d)(2).


**IT IS SO ORDERED.**

Date:     October 30, 2007          s/John Feikens
                                    United States District Judge


| Proof of Service |
| --- |
| I hereby certify that the foregoing order was served on the attorneys/parties of record on October 30, 2007, by U.S. first class mail or electronic means.<br><br>                              s/Carol Cohron<br>                              Case Manager |